United States District Court
Southern District of Texas
**ENTERED**
September 05, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. H-20-670-1 |
| | § | |
| ISAI SOLIS-VELAZQUEZ | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are defendant Isai Solis-Velazquez's duplicate *pro se* motions to reduce his sentence under 18 U.S.C. § 3582(c)(2) (Docket Entries No. 117, 120), to which the Government has filed a response in opposition (Docket Entry No. 119). Defendant moves for appointment of counsel.

Having considered the motions, the response, the record, and the applicable law, the Court **DENIES** the motions for the reasons shown below.

## I. BACKGROUND

Defendant pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, and was sentenced on April 27, 2023, to a 120-month term of imprisonment. The Bureau of Prisons currently reports defendant's anticipated release date as April 13, 2029.

Defendant contends he is entitled to a sentence reduction under amended Part B, Subpart 1 of Amendment 821 to the Sentencing Guidelines for zero point offenders.

## II. ANALYSIS

A.   <u>Zero-Point Offender</u>

Part B, subpart 1 of Amendment 821 created United States Sentencing Guideline ("U.S.S.G.") § 4C1.1. The new guideline provides a decrease of two offense levels for "zero-point offenders"—those with no criminal history points—whose offense did not involve any of the enumerated aggravating factors listed in sections 4C1.1(a)(2) through (a)(10).

Defendant states that he did not receive any criminal history points at sentencing. The Government agrees that, due to the age of his prior offense, defendant received no criminal history points for purposes of section 4C1.1. However, the Government argues that defendant is not eligible for a sentence reduction because he does not meet the requirements of section 4C1.1(a)(7). Under section 4C1.1(a)(7), the defendant must not have "possess[ed], receive[d], purchase[d], transport[ed], transfer[ed], [sold], or otherwise dispose[d] of a firearm or other dangerous weapon (or induce[d] another participant to do so) in connection with the offense." U.S.S.G. § 4C1.1(a)(7). In the instant case, a firearm was found in the possession of defendant's co-conspirator, who stated that the weapon belonged to defendant and that he had told her to hide it when they were stopped by the authorities. The firearm was found to belong to defendant, and his offense level calculation included an enhancement for possession of a firearm during the offense under U.S.S.G. § 2D1.1(b)(1). (Docket Entry No. 104 at 7). Consequently, defendant is not eligible for a sentence reduction under U.S.S.G. § 4C1.1.

B.    <u>Statutory Minimum Sentence</u>

Moreover, the Court sentenced defendant to the statutory minimum sentence of 120 months. Even assuming defendant were eligible for a two-level sentencing guideline reduction under section 4C1.1, this Court would have no authority to reduce his sentence below the statutory minimum sentence.

As correctly argued by the Government, application of the requested two-level reduction under section 4C1.1 would result in a new guideline range of 168–210 months in the instant case. The 120-month statutory minimum sentence imposed by the Court would remain well below the amended sentencing guideline range. "Courts generally may not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) to a term that is less than the minimum of the amended guideline range produced by the substitution. Section 1B1.10(b)(2)(A)." *Dillon v. United States*, 560 U.S. 817, 827 (2010) (cleaned up).

Although the Government filed a U.S.S.G. § 5K1.1 motion in this case, and the Court granted the motion and substantially lowered defendant's sentence to the statutory minimum, the Court lacks the discretion to grant a further reduction of defendant's sentence below the statutory minimum. The Supreme Court of the United States has held that a "Government motion attesting to the defendant's substantial assistance . . . and requesting that the district court depart below the minimum of the applicable sentencing range under the Sentencing Guidelines" does not "permit[] the district court to depart below any statutory minimum sentence." *Melendez v. United States*, 518 U.S. 120, 122 (1996).

3

Consequently, defendant would not be entitled to a sentence reduction even assuming eligibility under section 4C1.1. Because defendant is not entitled to a sentence reduction, the Court will not undertake consideration of any applicable section 3553(a) sentencing factors.

### III. CONCLUSION

Defendant's motions for a sentence reduction (Docket Entries No. 117, 120) are **DENIED**. Defendant's request for appointment of counsel is **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 3rd day of September, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE